**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMASINA JACKSON,<br><br>      Plaintiff;<br><br>  v.<br><br>APPLEONE, INC. dba APPLEONE<br>EMPLOYMENT SERVICES[1]<br><br>      Defendant. | Case No.:<br><br>Removed from the Circuit Court of Cook<br>County Illinois, Case No.  24L003334 |

## NOTICE OF REMOVAL

Defendant AppleOne, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, files this Notice of Removal on federal question and diversity grounds. In support of this Notice of Removal, Defendant states:

1.      On March 28, 2024, Plaintiff Thomasina Jackson ("Plaintiff") filed a complaint titled THOMASINA JACKSON v. ARMANDO D ANGARITA, ROBERT BROWN III, COURTNEY ALMASHY, AND KEGAN JASINKI, Case No. 24L003334, in the Circuit Court of Cook County, Illinois. The complaint asserts causes of action for alleged retaliation and race, color, religion, and sex discrimination in violation of Title VII of the Civil Rights Act of 1964; alleged retaliation and age discrimination in violation of the Age Discrimination in Employment Act of 1967; and breach of contract.

2.      On April 23, 2024, Defendant received a copy of the Summons and Complaint.

---

[1]      Title VII imposes liability for employment discrimination on employers, not individuals. *Leach v. Hicks*, No. 22 CV 50004, 2024 WL 916318, *3 (N.D. Ill. March 4, 2024). Plaintiff's formal complaint names individuals. The proper Defendant is AppleOne, Inc.

3. This Notice of Removal is timely filed within thirty (30) days from the date Defendant received a copy of the Summons and Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b).

4. Pursuant to 28 U.S.C. 1446(a), a copy of the Complaint and Summons served upon Defendant in the Circuit Court of Cook County is attached as **Exhibit A.**

5. Defendant will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Cook County and serve a copy on Plaintiff.

## BASIS OF REMOVAL

6. Removal of this case is appropriate because this Court has original jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Title 28, Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See also* 28 U.S.C. § 1441(c) (explaining that when non-removable claims are joined with removable claims, "the entire case may be removed and the district court may determine all issues therein").

7. Accordingly, this case is a civil action founded on claims or rights arising under the laws of the United States over which this Court has original jurisdiction, and is therefore one which may be removed from the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1441(a).

8. Removal of this case is also appropriate because this Court has original jurisdiction over civil actions where the "matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between citizens of different States…" 28 U.S.C. § 1332(a).

9.      Plaintiff is a citizen of the State of Illinois. (**Exhibit A**, Complaint p. 1.)

10.     Plaintiff's Complaint names four individuals who, upon information and belief, are citizens of Illinois. (**Exhibit A**, Complaint p. 1.) However, because Title VII only imposes liability upon employers (*see* footnote 1); Plaintiff's relevant EEOC charge named AppleOne, Inc. as "Respondent" (**Exhibit B**; *see also* **Exhibit A**, p. 10); and service was made upon AppleOne, Inc. (**Exhibit A**), AppleOne, Inc. is presumed to be the proper defendant for diversity jurisdiction purposes.

11.     Defendant is a citizen of California. (*See* **Exhibit A**, p. 1, showing Defendant/Respondent's "primary residence" as Glendale, California.) As a corporation, Defendant is deemed a citizen of its state of incorporation and the state of its principal place of business. *See 28* U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, (2010). Defendant is a California corporation with its principal place of business at 327 W. Broadway, Glendale, CA 91204. (Declaration of Elizabeth Duong, attached as **Exhibit C**). As such, Defendant is a citizen of the State of California, and the parties are completely diverse.

12.     Plaintiff seeks damages for $2.6 million.  (**Exhibit A**, p. 2.)  Thus, the amount in controversy is also satisfied.

13.     Accordingly, the requirements of 28 U.S.C. § 1332(a) are met because, as detailed below, there is complete diversity of citizenship among parties and the amount in controversy for diversity purposes exceeds $75,000.

## VENUE

14.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this action was brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court: Pursuant to 28 U.S.C. § 93(a)(1), this District and this Division embrace Cook County, Illinois, the place where this removed action has been pending.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant, APPLEONE INC., respectfully requests that the above-referenced civil action proceed in the United States District Court for the Northern District – Eastern Division, as an action properly removed thereto.

**DATED: May 22, 2024**                      Respectfully submitted,

                                             APPLEONE, INC.

                                             By: *s/ Erin Dougherty Foley*
                                                 One of Its Attorneys

Erin Dougherty Foley
Kristin Stokes
edfoley@seyfarth.com
kstokes@seyfarth.com
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
*Attorneys for Defendant*

4

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 22, 2024, she caused the foregoing

**NOTICE OF REMOVAL** to be filed with the Clerk of the Court via the Court's electronic case

filing/ecf system, and has served a true and correct copy of the same upon the Plaintiff via

electronic mail/US mail:


Thomasina Jackson
4tinaj@gmail.com
P.O. Box 2538
Chicago, Illinois 60690
(773) 297-8694


*s/  Erin Dougherty Foley*

5