**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Thomasina Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 4208 |
| v. | ) | |
| | ) | Judge Jorge Alonso |
| AppleOne, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's motion to dismiss [12] is granted. This case is dismissed with prejudice. Civil case terminated.

## STATEMENT

Plaintiff, Thomasina Jackson, *pro se*, filed in the Circuit Court of Cook County a handwritten complaint asserting claims of employment discrimination on the basis of race, sex, religion, and age, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* Defendant, AppleOne, Inc., removed the case to this Court, and it now moves to dismiss.

### I.    Background

The gist of Plaintiff's complaint is that Defendant, a staffing agency, discriminated against Plaintiff by placing her in a temporary assignment with JP Morgan Chase Bank as a document reviewer, without ensuring that she would receive the training and support necessary to succeed in meeting performance expectations, particularly as to productivity and efficiency. Further, Plaintiff claims that she was terminated in retaliation for complaining about her discriminatory treatment. In the Charge of Discrimination that Plaintiff cross-filed with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"), Plaintiff asserted

claims of religious discrimination and retaliation, alleging that she had been inappropriately told to "find work at [her] church," then abruptly terminated. (ECF No. 13-1.) She did not mention race, sex, or age discrimination. On November 14, 2023, the EEOC issued her a "right to sue" letter (ECF No. 13-2), which warned her that any lawsuit arising out of the Charge of Discrimination must be filed within ninety days of receipt of the letter. She did not file this suit until March 28, 2024, some four and a half months after the letter was issued.

The present motion is Defendant's second motion to dismiss. Defendant filed its first motion to dismiss shortly after removal, arguing that Plaintiff had not exhausted administrative remedies as to most of her claims, and the remaining claims were untimely. Plaintiff filed an amended complaint, and Defendant responded by filing the present motion, arguing that the amended complaint did not cure the defects. Defendant renews its arguments that Plaintiff failed to exhaust administrative remedies as to any claims but her religious discrimination and retaliation claims, and those claims are untimely because she did not file this case within the ninety-day limitations period set by 42 U.S.C. § 2000e-5(f)(1).

Plaintiff's response to the motion to dismiss was initially due on October 18, 2024. Plaintiff contacted the Court's chambers around the time of the due date and requested an extension. The Court granted her till October 25, 2024. (ECF No. 14.) But Plaintiff never filed any response brief, before or after the extended deadline. She has filed nothing at all since submitting the amended complaint in August 2024.

## II.   Legal Standards

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). The plaintiff need only plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court accepts the plaintiff's factual allegations as true, it need not "accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Court may consider, "in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

Typically, plaintiffs need not plead around affirmative defenses, such as failure to exhaust administrative remedies or to file suit within the applicable statute-of-limitations period, in order to survive a Rule 12(b)(6) motion to dismiss. *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010); *see Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019). Still, it may be appropriate to grant a Rule 12(b)(6) motion to dismiss based on an affirmative defense if the plaintiff presents the Court with "all relevant facts," *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012), such that she has essentially "admit[ted] all the ingredients of an impenetrable defense," *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *see Brooks*, 578 F.3d at 579; *Grindling v. Cathay Pac. Airways, Ltd.*, No. 23 C 5030, 2024 WL 4164234, at *5 (N.D. Ill. Sept. 11, 2024); *Reynolds v. Subaru of Indiana Auto.*, No. 4:19 CV 8, 2020 WL 1157901, at *4 (N.D. Ind. Mar. 10, 2020).

"[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss." *Boogaard v. National Hockey League*, 891 F.3d 289, 295

(7th Cir. 2018); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. . . . We apply that rule . . . where a litigant effectively abandons the litigation by not responding to the alleged deficiencies in a motion to dismiss."). As the Seventh Circuit has explained:

> "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendant's reasoning."

*Alioto*, 651 F.3d at 721 (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)). In *Kirksey*, the Seventh Circuit affirmed dismissal with prejudice of a complaint where the plaintiff, "by failing to respond responsively to the motion to dismiss . . . forfeited her right to continue litigating her claim." *Kirksey*, 168 F.3d at 1043. "In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so." *Id.* at 1041.

### III. Discussion

Here, Defendant has supplied plausible reasons, backed by documentation of a kind that the Court can appropriately consider at this early stage, for dismissing Plaintiff's claims. The Charge of Discrimination mentions only religious discrimination and retaliation, not other bases for discrimination, and therefore it appears that discrimination claims based on other theories have not been exhausted. *See Grindling*, 2024 WL 4164234, at *5. The "right to sue" letter was issued on November 14, 2023, and, in a similar context, the Seventh Circuit has recognized that "[t]he law presumes timely delivery of a properly addressed piece of mail," *Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001)—but Plaintiff did not file this suit until

approximately four and a half months after the issuance of the letter, which is far more than ninety days. *See Chowaniec v. City of Chicago*, No. 22 C 4197, 2022 WL 20242705, at *2 (N.D. Ill. Sept. 19, 2022), *aff'd,* No. 22-2892, 2023 WL 4234398 (7th Cir. June 28, 2023). By failing to respond to Defendant's plausible arguments for dismissing Plaintiff's claims on exhaustion and statute-of-limitations grounds,[1] Plaintiff waives any arguments she had in support of them and forfeits her right to continue litigating them.

Accordingly, defendant's motion to dismiss is granted. Under *Kirksey* and its progeny, and given that Plaintiff has already had a chance to amend her complaint to cure the defects Defendant has identified, *see Ruel v. First Ill. Bancorp, Inc.*, No. 22-CV-228, 2023 WL 279737, at *3 (S.D. Ill. Jan. 18, 2023) (citing *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022)), the dismissal is with prejudice and without leave to amend. *See Garza v. Cervantes*, No. 14 C 923, 2015 WL 468748, at *2 (N.D. Ill. Feb. 3, 2015). This case is terminated.

**SO ORDERED.**                    **ENTERED: April 16, 2025**

**HON. JORGE ALONSO**
**United States District Judge**

---

[1] Defendant argues that Plaintiff also fails to state a claim as to certain other causes of action, including, for example, breach of contract and fraudulent inducement. Defendant appears to be raising these issues in an abundance of caution, as the Court does not read Plaintiff's complaint to even attempt to assert these claims. In any event, the Court agrees with Defendant that Plaintiff does not state a claim under any of these theories. *See Baker v. Chisom*, 501 F.3d 920, 926 (8th Cir. 2007), *abrogated on other grounds by S.A.A. v. Geisler*, 127 F.4th 1133 (8th Cir. 2025).
.

6